SUCCESSION OF<br>McDONOGH.

---

## SUCCESSION OF JOHN McDONOGH,

On the Opposition of R. R. GURLEY, B. C. HOWARD and B. MAYER, to the Account of the Executors—No. 2524.

The code provides, that if the executor has not a general seizin, his commission shall be only the estimated value of the objects which he has had in his possession, and on the sums put into his hands for the purpose of paying the legacies and other charges of the will. Art. 1677. Yet, where the seizin of the property of the succession was not given by the will, but the executors took possession thereof in the absence of the heirs, and the possession was legal and beneficial to the heirs, it was held, that they were entitled to commissions under the article already cited.

An executor cannot claim a commission on waste, uncultivated lands; nor can commissions be charged on bad debts, that is, those which are prescribed or due from insolvents.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *H. H. Strawbridge*, for the opponents. *Levi Pierce* and *M. Grivot*, for the executors. *Thomas J. Durant*, for the absent heirs. By the court:

EUSTIS, C. J. An appeal was taken by the New Orleans executors, from a judgment of the court, by which an opposition to a tableau of distribution, filed by the former, on the part of *R. R. Gurley, B. C. Howard* and *B. Mayer*, of Baltimore, was sustained, and each of them allowed one-eighth part of the total sum charged, as commissions of executors, on the tableau. This judgment was rendered on the 23d of January, 1852.

The question involved in this appeal, relates to the commissions claimed in this opposition.

By the will, the seizin of the immovable property of the deceased was not given to the executors; on the contrary, it is given to commissioners to be appointed under the will. Seizin is given to the executors of the personal property only.

The code provides, that if the executor has not a general seizin, his commission shall be only the estimated value of the objects which he has had in his

possession, and on the sums put into his hands for the purpose of paying the legacies and other charges of the will. Art. 1677.

Under the will, it is clear that the commissions of the executors were to be confined to the personal property which came into their possession, and such was the settled purpose of the testator.

Under a state of things which were not foreseen, and consequently not provided for, the executors found themselves temporarily in possession of all the property of the succession, subject to the process of sequestration before noted on this property, amounting to some two millions and one half of dollars, according to various inventories, the executors have charged a commission of two and one-half per cent, amounting to the sum of $62,348 70. The district judge thought the three executors, who are the appellees in this appeal, were entitled to their share in these commissions, and decreed accordingly.

In this connection, we deem it our duty to state what we conceive to be the law on this subject of commissions.

In the case of *Anderson's Heirs* v. *Anderson's Executors*, 10 L. R. 35, the court held, in a case where the seizin of the property of the succession was not given by the will, but the executors took possession thereof in the absence of the heirs, and the possession was legal and beneficial to the heirs, they were entitled to commissions under the article 1677 of the code. But an executor cannot claim a commission on the value of waste, uncultivated lands. *Succession of Milne*, 5 R. R. 48. Such property is considered as forming no part of the productive property of the succession. Nor can commissions be charged on the amounts of bad debts, that is, those which are prescribed or due from insolvents. Code, 1676. By this article, the executor, for his care and trouble, is allowed to charge 2½ per cent commission on the whole amount of the estimate of the inventory, deducting that of property which is not productive, and bad debts.

There are cases in which commissions are allowed to executors on the estimated value of unproductive property, where the administration of it gives trouble and requires expense, as where it is in litigation, or works are required in order to preserve it. *Succession of Girard*, 4 Ann. 386. The cases on this subject, are collected and reported with great accuracy and ability in the digest of Mr. Hennen, *verbo* Succession xi, (h.)

Under this view of the law, the charge of two and one-half per cent on the whole amount of the estimated value of the property of the succession, made by the executors, cannot be sustained. A large portion of this immense estate is not productive, consisting of uncultivated lands, and not subject to a general charge of commissions for the executors.

As the journey of these gentlemen, from their homes to this city, must probably have been attended with inconvenience, and certainly with considerable expense; and, as it was undertaken in the furtherance of the objects of the testator's will, the parties in interest will doubtless not be insensible to their claims; but the questions which we have been obliged to act upon, are exclusively of law, and must exclusively be governed by it.

Our opinion is, that the appellees have no legal claim on the effects of the succession, by reason of the express provision of the act of 1842, before noted. For the reasons given, this court can enter no decree sanctioning the allowance of the commission of two and one-half per cent to the New Orleans executors. The only portion of this charge before us is, that included in the adverse claim of the appellees, and to this portion the effect of our judgment is necessarily

confined. The decree of the district court, homologating the executors' <span style="font-variant:small-caps">Succession of McDonogh.</span> account, except as opposed, in which this charge is made, has not been appealed from. Our judgment is upon the opposition of the appellees, which the decree of the district court sustained.

It is therefore decreed, that the judgment appealed from be reversed; the opposition of the appellees be dismissed, and the case remanded for further proceedings; the appellees paying costs in both courts.

Rost, J., concurred. Preston, J., dissented.*